Jasen, J.
(dissenting). I disagree with the majority’s analysis of the relevancy of the facts and circumstances surrounding Patrolman Rainey’s prior visit to the defendant’s apartment one month earlier.
With no neutral witnesses to the events on the day of defendant’s arrest, the issue foremost in the mind of the jury was the credibility of the witnesses. Defendant, a veteran, married, a father, gainfully employed, and not a user of narcotics, was, with the exception of a previous weapons conviction, an upstanding member of the comniunity. To be sure, the defense strategy exploited these facts. Against that background the police “ stake-out ” takes on the appearance, as claimed by defendant, of a “ frame-up ”. In this light, it cannot be said, as a matter of law, that testimony as to the earlier stage of the investigation of activities involving the same apartment was totally lacking in relevancy. If, without any apparent justification, the police undertake a “ stake-out ” and then claim that this citizen possessed a large quantity of heroin, the jury could *444 logically infer that a “ frame-up ” had taken place. However, if the jury is told of the earlier investigation of this apartment in conjunction witih suspected drug activity, that the occupant refused to admit the officer, and that a suspicious opening and closing of a window was. heard, then the credibility of the police officers is enhanced and the defendant’s claim of a “ frame-up ” becomes more likely to be discredited by the jury. Without this relevant background information, Officer Rainey’s and Quinlan’s testimony that they had gone to the back of the building to observe the second-floor windows, although having observed no contemporaneous activity, would hardly have been credible. Furthermore, the exclusion of this background evidence would have made it difficult for the jury to understand just why the procedures followed by the police in this instance were necessary. Thus, this background evidence was clearly relevant and proper to be placed before the jury.
Accordingly, I would affirm the judgment of conviction.
Judges Jones, Wachtler, Rabin and Stevens concur with Chief Judge Breitel ; Judge Jasen dissents and votes to affirm in a separate opinion in which Judge Gabrielm concurs.
Order reversed, etc.